Curia, per
O’Neall, J.
The grounds of the defendant’s motion are, it seems to me, susceptible of easy answers.
The death of Peigne, after assignment, could not affect the rights óf the assignee or his representative. The law permits the action on the judgment to be brought in the name of the assignee. This secures a party in court. The assignor is in no shape a party to the proceeding; he has parted with his interest, and could not even sue on the judgment, without the consent and for the use of the assignee. This being the case, his death, after assignment, can be of no importance.
The allegation that Sutcliffe died before the judgment was obtained against him, cannot now be heard. When the executor was sued in the former action, was the time for this objection to be presented. The recovery against him cuts off all anterior defences ; and the evidence is not permitted to be heard. The law presumes every thing was right and legal at that time, and hence, therefore, the defence cannot now be made.
The proposed set-off is against Peigne. If it ever were competent, it was at the time when the recovery, which is the predicate of this action, was had. Then the plaintiff was asserting the right derived by her testator from Peigne, by assignment. When that recovery was had, the assign *283 ment, like all other matters in pais, transit in remjudicatam. This case is not in the right of the assignor. To recover here, the judgment last recovered was the only evidence of title which the plaintiff was to produce. That being so, defences which had been good against Peigne, cannot be set up against Reigne ; for his recovery cuts off all such evidence; upon the legal presumption, that if they had been good, they would have been asserted when the title derived from him was in issue.
Evans, Butler and Wardlaw, JJ., concurred.